IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 4:12-827 |
| ) | |
| ) | |
| vs. ) | |
| ) | |
| NINA MONIQUE ALLEN ) | |
| ) | |
| ) | |

## JUDGMENT AND ORDER OF FORFEITURE

1.  On October 23, 2012, a federal grand jury in this district returned a multi-count Indictment charging Defendant, Nina Monique Allen ("Allen", "Defendant"), with theft of government funds, in violation of 18 U.S.C. § 641. Pursuant to Fed.R.Crim.P. 32.2(a), the indictment contained a forfeiture allegation which provided that upon Allen's conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2.  On February 20, 2013, Allen pled guilty to Count 1, which charged her with theft of government funds, in violation of 18 U.S.C. § 641. Based upon Allen's guilty plea and other matters appearing in the record, the court has determined that Allen derived criminal proceeds from the embezzlement in excess of the amount of $33,900 and that such property is subject to forfeiture. The court finds that the

United States is entitled to a money judgment against Allen in the amount of $33,900, pursuant to Fed. R. Crim. P 32.2(b)(1)(A).

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. The Defendant shall forfeit to the United States all of her right, title and interest in and to any property, real or personal, tangible and intangible, constituting or derived from any proceeds Defendant obtained directly or indirectly as a result of her violation of 18 U.S.C. § 641, and any property used to facilitate Defendant's offense of conviction.

2. JUDGMENT IS ENTERED against Defendant, and in favor of the United States in the amount of $33,900, together with appropriate costs provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full, and the United States may satisfy such money judgment from any property of the Defendant.

3. Upon entry, this Order becomes final as to Defendant, and shall be made part of her sentence and included in the criminal Judgment.

4. Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed.R.Crim.P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The United States may sell or otherwise dispose of in accordance with law any substitute assets as required to satisfy the above imposed money judgment.

6.    The government is not required to publish notice regarding the personal money judgment against the Defendant; however, the judgment shall be recorded in the records of the County Clerk's Office in the county of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

7.    The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.    The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office for service of interested third parties and other purposes.

AND IT IS SO ORDERED.

*Terry L. Wooten*
TERRY L. WOOTEN
CHIEF UNITED STATES DISTRICT JUDGE

Florence, South Carolina

August 14, 2013